# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, derivatively on behalf of PROGENITY, INC, <br><br> Plaintiff, <br><br> v. <br><br> HARRY STYLLI, et al., <br><br> Defendants, <br><br> and <br><br> PROGENITY, INC., a Delaware Corporation, <br><br> Nominal Defendant, | Case No.:  3:21-cv-01065-RBM-AHG <br><br> **ORDER GRANTING JOINT MOTION AND STIPULATION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** <br><br> **[Doc. 15]** |

On April 22, 2026, Plaintiff Stephen Bushansky ("Plaintiff"), Defendants Harry Stylli, Jeffrey D. Alter, John T. Bigalke, Jeffrey A. Ferrell, Brian L. Kotzin, Samuel R. Nussbaum, and Lynne Powell ("Individual Defendants"), and nominal defendant Progenity, Inc. ("Progenity") (collectively, the "Parties") filed a Joint Motion and Stipulation for Voluntary Dismissal Without Prejudice ("Joint Motion").  (Doc. 15.)  The Parties "seek to voluntarily dismiss [the instant] [a]ction in its entirety without prejudice." (*Id*. at 3.)  For the reasons set forth below, the Joint Motion (Doc. 15) is **<u>GRANTED</u>**.

1

# I.    BACKGROUND

The Court previously granted the Parties' joint motion to stay this Derivative Action pending the "resolution of Defendants' motion to dismiss" in the related securities class action captioned *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-1683-RBM-AHG (S.D. Cal.) ("Securities Class Action"). (Doc. 6.)[1]  The Court further extended the stay "until the time to appeal the Court's order granting the motion to dismiss in [the Securities Class Action] expires and/or any such appeal is resolved by the Ninth Circuit Court of Appeals." (Doc. 10).  On January 10, 2025, Defendants filed a Notice of Suggestion of Bankruptcy and Automatic Stay informing the Court that Progenity had filed a voluntary petition for relief and commenced bankruptcy proceedings.  (Doc. 13.)

On March 4, 2026, this Court granted final approval of the class action settlement in the Securities Class Action.  *In re Progenity, Inc. Securities Litigation*, Case No. 20-cv-1683-RBM-AHG (S.D. Cal.), ECF No. 105.  As the class action settlement was finally approved, the Parties indicate that Progenity and certain Individual Defendants moved the Ninth Circuit Court of Appeals for an order dismissing the appeal of the Securities Class Action" (Doc. 15 at 3.)[2]  The Parties also indicate that on December 30, 2025, Progenity's bankruptcy proceedings and estate "were closed, the Bankruptcy Trustee reported that there was no property available for distribution from the bankruptcy estate . . . , that the estate . . . was fully administered, and, consequently, the Bankruptcy Trustee was discharged from and relieved of his trust." (*Id*. at 3.)[3]

---

[1]  Plaintiff and Individual Defendants were parties to the Securities Class Action.  (*See* Doc. 15 at 2.)

[2]  Having served its purpose, the Court **LIFTS** is previously ordered stay.

[3]  As Progenity's bankruptcy proceedings have concluded, the automatic stay has been terminated.  *See Roohan v. Nat'l Mortg.*, Case No.: 17cv01876 JAH-JLB, 2018 WL 1562013, at *2 (S.D. Cal. Mar. 29, 2018) (citing *In re Weston*, 110 B.R. 452, 456, 457 (E.D. Cal. 1989), aff'd, 967 F.2d 596 (9thCir. 1992)).

3:21-cv-01065-RBM-AHG

## II.   DISCUSSION

Under Federal Rule of Civil Procedure("Rule") 41, a court order is not required to effectuate the dismissal when the notice of dismissal is filed before any defendant has answered or moved for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A).  However, Rule 23.1 states that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23.1(c).  In such cases, "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders."  *Id*.  "While the language of Rule 23.1(c) suggests that notice is mandatory, courts have exercised their discretion to allow parties to dispense with the notice requirement . . . when absent class members will not be prejudiced by the lack of notice."  *Bushansky v. Armacost*, Case No. 12–cv–01597–JST, 2014 WL 2905143, at *2 (N.D. Cal. June 25, 2014).

The Court finds there is no risk of prejudice to absent shareholders if notice is not given because, as the Parties note (*see* Doc. 15 at 3–4), the dismissal is without prejudice and will therefore not preclude other shareholders from pursuing claims.  *See Bushansky*, 2014 WL 2905143, at *2; *In re Intel Corp. S'holder Derivative Litig.*, Case No. 18-cv-01489-YGR, 2019 WL 317401, at *3 (N.D. Cal. Jan. 24, 2019).  Rule 23.1(c)'s notice requirement is therefore excused.

## III.   CONCLUSION

Accordingly, the Joint Motion (Doc. 15) is **GRANTED** and the above-captioned action is **DISMISSED WITHOUT PREJUDICE**.  Each party shall bear their own attorneys' fees and costs.  The Clerk is directed to close the case.

**IT IS SO ORDERED**.

DATE:  April 23, 2026

_____
HON. RUTH BERMÚDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:21-cv-01065-RBM-AHG